HOOD, Judge.
This is a petitory action instituted by Eve Abshire Richard, Administratrix of the Successions of Telesphore Thibeau, Sr., and Amelie Hebert Thibeau, in which plaintiff seeks to be recognized as the owner of an undivided one-third interest in a tract of land in Vermilion Parish. The suit was instituted against four groups of defendants, each of which claims to be the owner of a part of the subject property.
All of the defendants have filed exceptions of prescription claiming ownership of, the subject property by acquisitive prescription of ten, twenty and thirty years. Two groups of defendants filed a third party action against First National Bank of Abbeville, calling said third party defendant in warranty and -demanding damages in the event judgment should be rendered in favor of plaintiff on the principal demand.
The exceptions were tried, and judgment was rendered by the trial court in favor of defendants sustaining the exceptions of 10 and 30 years filed by them, and dismissing *552 plaintiff’s suit. Plaintiff appealed, and defendants answered praying that plaintiff be condemned to pay damages for taking a frivolous appeal.
Plaintiff concedes that defendants have been in open, physical and undisturbed possession, as owners, of the subject property for more than 30 years. She contends, however, that prescription acquirendi causa did not run in favor of defendants sufficient to entitle them to the ownership of any of the subject property because the property was owned by the State from 1896 until 1968, and prescription did not run in favor of defendants during that time. She argues that LSA-R.S. 9:5803 does not have the effect of avoiding this suspension of prescription, because none of the defendants was a “purchaser in good faith” of the property claimed by him, and none of the defendants personally redeemed the property from the State.
The pertinent facts are that on July 28, 1896, the land was adjudicated to the State of Louisiana for unpaid taxes due for the year 1895, under an assessment in the name of Hebrard Decuir. On May 3, 1897, the same property was again adjudicated to the State for unpaid taxes due for the year 1896, under an assessment in the name of Hebrard Decuir. On April 23, 1898, the property was offered for sale for unpaid taxes due for the year 1897, under an assessment to Decuir, but at that tax sale the property was purchased by Alfred Baudoin. All of these tax sales or adjudications were recorded promptly in the records of Vermilion Parish.
Hebrard Decuir sold the property affected by the above mentioned tax sales to Te-lesphore Thibeau, Sr., on February 16, 1899, A few months later, on May 19, 1899, the property was redeemed from the State. A certificate was issued by the State Auditor on May 19, 1899, certifying that Hebrard Decuir had paid the taxes, interest, costs and penalties on the land for the years 1895 and 1896, and that the property thus was redeemed to Decuir. This certificate was not recorded in the Conveyance Records of Vermilion Parish until October 29, 1968. Although the Certificate of Redemption was not recorded until more than 69 years after it had been issued, there appears on the face of the recorded 1896 adjudication to the State, written in red ink, the following inscription :
“State of Louisiana
Parish of Vermilion
“By virtue of an order dated May 19/99 this adjudication of the land of Hebrard Decuir to the State is hereby cancelled This 6th day of June A.D. 1899.
[signed] Joseph G. LeBlanc
Dy. Clerk & Recorder”
On the face of the 1897 adjudication to the State, as recorded that year in Vermilion Parish, there appears written in red ink the following inscription :
“State of Louisiana Parish of Vermilion
“By virtue of an order from the Verm. Auditor dated May 19/99, I hereby cancell and annuli this adjudication this 6th day of June, 1899.
[signed] Joseph G. LeBlanc
Dy. Clerk & Recorder”
Plaintiff claims that she, in her capacity as Administratrix of the Succession of Te-lesphore Thibeau, Sr., is the record owner of an undivided one-third interest in the property in dispute here by virtue of the sale from Hebrard Decuir to Thibeau, dated February 16, 1899. She argues that the tax sale to Baudoin in 1898 was an absolute nullity because of the prior adjudication to the State, and she points out that the property has been redeemed from the State. She contends, therefore, that record *553 title to the property is now vested in the Succession of Thibeau.
Plaintiff, although conceding that defendants have had possession of the land for many years, contends that the State of Louisiana owned the property from 1896 (the date of the first adjudication to the State) until October 29, 1968, when the Certificate of Redemption was recorded in Vermilion Parish, and she argues that the running of prescription in favor of defendants was suspended during that period of time. She takes the position that defendants thus have not possessed the property long enough to acquire any prescriptive rights. She bases her argument on the provisions of Article 19, Section 16, of the Louisiana Constitution, Articles 2264-2266 of our Civil Code, and on McDuffie v. Walker, 125 La. 152, 51 So. 100 (1910).
La.Const. Art. 19, Sec. 16, provides that prescription shall not run against the State in any civil matter unless otherwise provided in the constitution or expressly by law. The cited articles of the Civil Code and McDuffie v. Walker, supra, are authority for the established rule that written contracts affecting immovable property will not affect third persons until the date on which they are recorded. Plaintiff contends that the redemption certificate did not affect third persons, and particularly that it did not affect defendants, until October 29, 1968, when it was recorded in the Conveyance Records of Vermilion Parish. She argues that the property thus remained vested in the State from 1896 until 1968, during which time acquisitive prescription relating to that land could not run against the State.
 We do not agree with that argument. When the property was redeemed from the State in 1899, the redemption certificate was issued pursuant to the provisions of Act 170 of 1898. There was no requirement in that act that the certificate b£ recorded in order to be effective. The statute merely provided that the certificate “shall be held and taken as evidence of the redemption . . . , and the amount paid shall be entered on his (the auditor’s) records of the lands across the entry of the samé.”
The present statutory provisions relating to the redemption of property from the State provides that the Redemption Certificate will be taken as evidence of the redemption “if duly recorded in the office of the recorder of mortgages of the parish wherein said lands are situated.” LSA-R. S. 47:2224. Although the present law, unlike Act 170 of 1898, makes specific reference to the recordation of the Certificate of Redemption, our Supreme Court nevertheless has held that the Stafe is divested of ownership of the property after the issuance of a certificate of redemption, even though the certificate is not recorded. In Cortinas v. Murray, 224 La. 686, 70 So.2d 589 (1954), where an issue similar to that before us here was presented, the court said:
“The point is not tenable. LSA-R. S. 47:2224 (formerly Sections 62 and 69 of Act 170 of 1898, as amended), which is the professed foundation for the contention, merely provides that, when the certificate of redemption is recorded in the conveyance office of the parish wherein the redeemed property is located, it shall be taken ‘as evidence’ of the redemption of the same as is described in the certificate. This does not mean, nor can the language be construed to imply, that failure to record the redemption certificate nullifies its legal effectiveness or that the State remains the owner of the redeemed property.”
We conclude that the State of Louisiana was divested of title when the Certificate of Redemption was issued on May 19, 1899, and that the State has not owned the property since that date, despite the fact that the certificate evidencing the redemption was not recorded until many years later.
In view of our conclusion that the State of Louisiana has not owned the property in *554 dispute here since May 19, 1899, it is unnecessary for us to consider the additional arguments presented by all parties relating to LSA-R.S. 9:5803. This section of the Revised Statutes provides, in effect, that where immovable property has been adjudicated to the State for non-payment of taxes and has been subsequently redeemed, prescription shall not be interrupted or suspended during the period that title is invested in the State. The prescriptive periods alleged and relied upon by defendants began to run after the property had been redeemed from the State. The State did not own the property during any part of those prescriptive periods, and for that reason no issue is presented as to whether prescription was suspended while title was vested in the State.
The evidence shows, and plaintiff admits, that each group of defendants, and their ancestors in title, have been in open, physical, continuous and unequivocal possession, as owners, of the tract of land claimed by that group for more than 30 years, and that neither plaintiff nor anyone acting on behalf of plaintiff has attempted to disturb the possession of any of said defendants. The evidence shows that each tract of land claimed by defendants and involved in this suit has been under fence, and has been actually and physically possessed by defendants or their ancestors in title for more than 30 years prior to the date this suit was filed. We agree with the following findings of the trial court:
“Even dismissing that argument, one can follow the chain of title back in 1938, in which all acts of sale to defendants and their ancestors in title were by authentic acts and properly recorded. The property has been continuously fenced and in possession of the defendants and their ancestors in title as owners for over thirty (30) years, as stated in the request for admissions. It appears that there is good faith possession, in which case ten (10) years prescription would suffice, and even if the plaintiffs could show bad faith, then thirty (30) years prescription would be applicable.”
We think the evidence clearly supports defendants’ claim of ownership of the property involved here by prescription of 30 years. In view of that conclusion, it is unnecessary for us to consider the question of whether they also have acquired ownership of the property by prescription of ten years. It also is unnecessary for us to consider the third party demands of some of the defendants against First National Bank of Abbeville, since plaintiff’s suit is being dismissed.
There is no merit to defendants’ demand that plaintiff be condemned to pay damages for taking a frivolous appeal. Although we disagree with plaintiff as to the applicable law, serious legal questions were presented, and the appeal thus was not frivolous.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.